IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

RANDY RODRIGUEZ,

      Petitioner,  Civil Action No.
             9:13-CV-0206 (NAM/DEP)

 v.

ROLAND LARKIN, Superintendent,
Eastern Correctional Facility,

      Respondent.

---

APPEARANCES:      OF COUNSEL:

FOR PETITIONER:

RANDY RODRIGUEZ, *Pro se*
03-A-6430
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

FOR RESPONDENT:

HON. ERIC T. SCHNEIDERMAN  PRISCILLA I. STEWARD, ESQ.
New York State Attorney General  Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

# REPORT AND RECOMMENDATION

*Pro se* petitioner Randy Rodriguez, a New York State prison inmate, has commenced this proceeding pursuant to 28 U.S.C. § 2254, claiming that he is being held in state custody in violation of his federal constitutional rights. In his petition Rodriguez, who is the subject of a final deportation order, complains that he has not been scheduled for a parole hearing to consider whether he should be granted early conditional parole for deportation only ("ECPDO").

Since this proceeding was commenced, petitioner was in fact granted a parole hearing for the purpose of evaluating his request for ECPDO. In light of this development, and because plaintiff's petition fails to set forth a cognizable claim for habeas relief in any event, I recommend that the petition be denied.

## I. BACKGROUND

Based on his guilty plea, petitioner was convicted in New York State Supreme Court, New York County, on October 10, 2003, of sixteen counts of criminal sale of a controlled substance, one count of conspiracy in the second degree, and two counts of fourth-degree conspiracy in violation of New York Penal Law §§ 220.43(1), 105.15, and 105.10(2), respectively. Dkt. No. 1 at 1; Dkt. No. 10-2 at 2. As a result of that conviction, Rodriguez

was sentenced as a second felony offender to an aggregate term of imprisonment of twenty-years to life. *Id.* Petitioner's conviction was affirmed by the New York State Supreme Court Appellate Division, First Department, on September 16, 2008. *People v. Rodriguez*, 54 A.D.3d 600 (1st Dep't 2008). Rodriguez did not seek leave to appeal his conviction to the New York Court of Appeals.

On April 16, 2009, a United States immigration judge ordered that Rodriguez be removed from the United States and returned to the Dominican Republic. Dkt. No. 10-3 at 2. Based upon that final deportation order, which petitioner did not challenge, and after completing the statutorily mandated minimum portion of his sentence to qualify for ECPDO, petitioner submitted an application for that relief on February 7, 2011.[1] Dkt. No. 10-8 at 27. Following receipt of that application, the Division of Parole sent two letters, dated February 23, 2011 and July 20, 2011, to Supreme Court Justice Charles Soloman, who sentenced Rodriguez, requesting a statement and/or recommendation concerning petitioner's request for ECPDO. Dkt. No. 10-5 at 2; Dkt. No. 10-6 at 2; Dkt. No. 10-8 at 28, 33. The

---

[1] ECPDO, which is governed by New York Executive Law § 259-i(2)(d)(i), provides a mechanism for sentenced inmates who have been ordered deported to apply for parole, conditioned upon release directly to immigration officials with an assurance that the deportation will be effectuated promptly and without release of the inmate from custody. N.Y. Exec. L. § 259-i(2)(d)(i); *see also Ortiz v. N.Y. State Bd. of Parole*, 668 N.Y.S.2d 823, 824-25 (4th Dep't 1998).

Division of Parole did not receive a response from the sentencing judge to those communications. Dkt. No. 10-8 at 31-32; Dkt. No. 10-14 at 2.

On December 20, 2011, Rodriguez petitioned the First Department Appellate Division for a writ of mandamus seeking to compel the sentencing judge to respond to his request for ECPDO. Dkt. No. 10-8 at 6-10. The petition was unanimously denied and dismissed on June 21, 2012, by a five-member panel of the Appellate Division without comment. *Rodriguez v. Solomon*, 946 N.Y.S.2d 862 (1st Dep't 2012). Petitioner was subsequently denied leave to appeal to the Court of Appeals on November 27, 2012. *Rodriguez v. Solomon*, 980 N.E.2d 535 (2012).

On March 19, 2013, Terrence Tracy, Esq., Counsel to the Board of Parole, forwarded a memorandum to Dan Amend, whose position is listed as "Supervising ORC," opining that petitioner had satisfied all of the required statutory criteria to qualify for an ECPDO and requesting that he be calendared for the next available Parole Board session for consideration of his application. Dkt. No. 10-14 at 2.

As of July 16, 2013, when the respondent's papers in opposition to Rodriquez's petition were filed, petitioner was scheduled to appear in July 2013, "or earlier," for a parole hearing. Dkt. No. 10-15 at 2. The court has been advised that, since then, a parole hearing was conducted on July 16,

2013, at which time petitioner's request for ECPDO was denied. Dkt. No. 13.

II.   DISCUSSION

Federal habeas corpus relief is available to a state prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. In his petition, Rodriguez asserts a due process violation under the Fourteenth Amendment to the United States Constitution. Dkt. No. 1 at 4. As a threshold matter, a party asserting such a due process claim must establish a potential deprivation of life, liberty, or property. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Perry v. McDonald*, 280 F.3d 159, 173 (2d Cir. 2001). In this instance, petitioner invokes his right to liberty. With limited exception, however, that right is not implicated by parole decisions.[2] *See, e.g., Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001).

As the Second Circuit has noted, "[i]n order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he

---

[2]   Some courts have recognized a limited due process right not to be denied parole arbitrarily or capriciously based on, for example, "an inappropriate consideration of a protected classification (such as race, religion, gender, economic status, etc,) or an irrational distinction." *Standley v. Dennison*, No. 05-CV-1033, 2007 WL 2406909, at *9 (N.D.N.Y. Aug. 21, 2007) (Sharpe, J., *adopting report and recommendation by* Lowe, M.J.) (citing cases) (quotation marks omitted). Petitioner does not raise a challenge of this nature in this proceeding.

5

must have a legitimate expectancy of release that is grounded in the state's statutory scheme." *Barna*, 239 F.3d at 170. It is well-established that New York's statutory parole scheme does not create a legitimate expectation of early release. *Graziano v. Pataki*, 689 F.3d 110, 114-15 (2d Cir. 2012); *Barna*, 239 F.3d at 171. Under New York Law, the Parole Board retains the authority and discretion to determine questions of parole and may establish its own guidelines for making parole decisions. *Barna*, 239 F.3d at 171 (citing N.Y. Exec. L. § 259-i(2)(c)(A)). The same holds true with regard to decisions to grant ECPDO. *See Samuel v. Alexander*, 69 A.D.3d 861, 862 (2d Dep't 2010) ("There is no requirement that the Parole Board grant an individual conditional parole for deportation only merely because he has completed his minimum term and is subject to a final order of deportation." (citation omitted)). Based upon petitioner's inability to establish the existence of an interest protected under the Fourteenth Amendment, his petition fails to state a cognizable claim for habeas relief. *See Guerro v. Senkowski*, No. 01-CV-1918, 2003 WL 1623670, at *2 (N.D.N.Y. Mar. 28, 2003) (Sharpe, M.J.) ("[A]lthough New York law provides that inmates who have not been convicted of violent felonies may be eligible for early release for deportation only, there is no constitutional right to parole under either New York or federal law." (citing cases) (emphasis omitted)); *Hickerson v.*

*Willingham*, 06-CV-0777, 2006 WL 3422186, at *2 (D. Conn. Nov. 28, 2006) (denying petition for writ of habeas corpus because the petitioner could not establish that she had been denied a protected liberty interest where the parole board denied her request for early release pursuant to the Residential Drug Abuse Program, 18 U.S.C. § 3621, which provides that early release from confinement upon completion of the program is discretionary).

Even if the instant petition was construed to present a cognizable claim, however, it is nonetheless moot. Since the filing of his petition, Rodriguez has been granted the relief he seeks in his petition – the opportunity to present his ECPDO application to the Parole Board. Dkt. No. 1 at 4. This court's subject matter jurisdiction is limited by Article III, Section 2 of the United States Constitution to matters that present a "case or controversy." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Baur v. Veneman*, 352 F.3d 625, 631-32 (2d Cir. 2003). A case becomes moot if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement. *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004) (*citing Spencer*, 523 U.S. at 7). Based upon the intervening scheduling of a parole hearing since commencement of this proceeding, petitioner's claim for habeas relief is now moot. *See Santana v. Giambruno*, No. 97-CV-0850, 1998 WL

295666, at *3 (N.D.N.Y. May 28, 1998) (Pooler, D.J., *adopting report and recommendation by* DiBianco, M.J.) (finding the petition moot where the petitioner sought early release for deportation and, "[s]hortly after the filing of the [petition], New York issued the [conditional parole for deportation only]").

III. <u>SUMMMARY AND RECOMMENDATION</u>

In his petition in this matter, Rodriguez requests that an order be issued directing that the Division of Parole schedule a hearing to address his application for ECPDO. Because that hearing occurred approximately five months after petitioner commenced this proceeding, his claim for relief is now moot. Addressing the merits of the petition, Rodriguez has suffered no liberty interest deprivation protected by the Fourteenth Amendment. Accordingly, his claim for habeas relief lacks merit. It is therefore hereby respectfully

RECOMMENDED that the petition in this matter be DENIED and DISMISSED in all respects; and it is further

RECOMMENDED, based upon my finding that the petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), that a certificate of appealability not issue with respect to any of the claims set forth in his petition.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:    April 24, 2015
             Syracuse, New York

David E. Peebles
U.S. Magistrate Judge